IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OLIVER HICKS, | § | |
| | § | |
| Defendant Below, | § | No. 193, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1406007424 (K) |
| | § | |
| Appellee. | § | |

Submitted: August 9, 2023
Decided: September 12, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Oliver Hicks, filed this appeal from a Superior Court order denying his motion for sentence modification.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hicks's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On September 3, 2014, Hicks pleaded guilty to sexual solicitation of a child.  The Superior Court sentenced Hicks to fifteen years of Level V incarceration suspended after four years for decreasing levels of supervision.  In 2019, 2020, and

2021, the Superior Court found that Hicks had violated his probation and resentenced him.

(3) On February 21, 2023 the Department of Correction ("DOC") obtained an administrative warrant for Hicks's violation of his conditional release and probation. DOC alleged that Hicks had tested positive for cocaine, used a cell phone to communicate with the victim's grandmother in violation of no-contact provisions of his sentence, and failed to comply with his curfew. On March 6, 2023, the Superior Court found that Hicks had violated his conditional release and probation. The Superior Court sentenced Hicks to seven years and eleven months of Level V incarceration, suspended after two years and completion of the Transitions program, followed by six months of Level IV work release and one year of Level III probation.

(4) On March 27, 2023, Hicks filed a motion for modification of the Level IV work release portion of his sentence. He alleged that his pacemaker, lower back pain, and admission to the hospital for five days in 2022 made it difficult for him to perform any kind of work. On March 28, 2023, the Superior Court denied the motion. The Superior Court concluded that the sentence was appropriate for all of the reasons stated at sentencing and that Hicks had not provided any information warranting modification of his sentence.

(5) On April 21, 2023, Hicks filed another motion for modification of the Level IV work release portion of his sentence. In addition to the medical conditions

2

already identified, Hicks stated that he had been recently diagnosed with vertigo. On May 3, 2023, the Superior Court denied the motion. The Superior Court found that the motion was repetitive, the sentence was appropriate for all of the reasons stated at sentencing, and Hicks had not provided any information warranting modification of his sentence. This appeal followed.

(6) We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] In his opening brief, Hicks argues that his medical conditions prevent him from working and therefore the Superior Court erred in denying his motion to modify the Level IV work release portion of his sentence.

(7) Under Superior Court Criminal Rule 35(b), the Superior Court may suspend or reduce the "term or conditions of partial confinement, at any time."[3] The Superior Court "will not consider repetitive requests for reduction of sentence."[4] As the State emphasizes in its motion to affirm, Hicks's motion for modification of the Level IV work release portion of his sentence was repetitive. In addition, Hicks has not shown that when he serves his Level IV time he will be required to perform work

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[2] *Id.*
[3] Super. Ct. Crim. R. 35(b).
[4] *Id.*

he is physically unable to perform. The Superior Court did not err in denying Hicks's repetitive motion.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[5] *See, e.g., Ott v. State*, 2023 WL 3245113, at *2 (Del. May 3, 2023) (affirming the Superior Court's denial of the defendant's repetitive motion for modification of his Level IV work release sentence); *Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (affirming the Superior Court's denial of the defendant's repetitive motion for modification of his Level IV sentence).